# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW CONE, | |
| Plaintiff, | Case No. 2:12-cv-01284-JCM-CWH |
| vs. | **ORDER** |
| JOHNNY YOUNGBLOOD, et al., | |
| DefendantS. | |

This matter is before the Court on Defendant Johnny Younblood's Motion to Enlargement of Time (#17), filed August 17, 2013.

On February 20, 2013, the Court entered a screening order wherein it determined that Plaintiff may proceed on the claims set forth in his amended complaint (#6) set forth in count I under both the Eighth and Fourteenth Amendment, and in counts II and III under the First and Fourteenth Amendment against Defendant Youngblood, and the action was stayed for 90 days to permit the parties to engage in informal settlement discussions. *See* Orders (#8), (#9). The Nevada Attorney General's office entered a limited appearance on behalf of Defendant Youngblood for the sole purpose of engaging in settlement negotiations. (#10). On May 21, 2013, the office of the Nevada Attorney General filed a status report indicating that the parties had not engaged in settlement negotiations during the 90-day stay and informing the Court of the intent to proceed with this action. (#11).

Thereafter, the Court entered an order granting Plaintiff's application to proceed *in forma pauperis* and ordering the Nevada Attorney General's office to advise the Court whether it would accept service of process for the named defendants. (#12). The Court further ordered that "[i]f the Attorney General accepts service of process for any of the defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within sixty (60) days from the date of this

order." (#12). The Attorney General, through Deputy Attorney General Kelly M. Smith, filed its Notice of Acceptance of Service on behalf of Defendant Youngblood on June 13, 2013. *See* (#14). Consistent with the Court's prior order (#12), Defendant Youngblood had until Tuesday, July 22, 2013 to file a responsive pleading (60 days from date of order (#12)).

Just prior to the filing of the Notice of Acceptance of Service, Plaintiff filed a motion to amend his complaint. (#13). The motion was not opposed and, pursuant to Fed. R. Civ. P. 15(a), was granted on July 15, 2013. *See* Order (#15). The amended complaint adds several new parties and makes additional claims. It also restates the already screened claims permitted to proceed against Defendant Youngblood. Once the second amended complaint (#16) was filed, the prior complaint (#6) no longer served any function. *See e.g. Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the original complaint). Moreover, under Rule 15, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." *See* Fed. R. Civ. P. 15(a)(3). At the time the second amended complaint was filed, Defendant Youngblood had seven (7) days remaining to file his responsive pleading. Thus, in accordance with Rule 15(a)(3), Youngblood's answer was due fourteen (14) days after the filing of the second amended complaint.

Pursuant to Fed. R. Civ. P . 5(a)(1)(B), the second amended complaint must be served. Defendant Youngblood is represented by an attorney and service of the second amended complaint "must be made on the attorney unless the court orders service on the party." *See* Fed. R. Civ. P. 5(b)(1). The Court did not order service on the party. Under Rule 5(b)(2)(E), service was accomplished when the second amended complaint was filed on the electronic docket on July 15, 2013. *See* Fed. R. Civ. P. (b)(2)(E) ("A paper is served under this rule by: . . . (E) sending it by electronic means if the person consented in writing . . . ."). As a registered member of the bar of this Court and registered user of the electronic filing system, Ms. Smith has consented to service by electronic means. *See* Special Order #109, *In re Authorization for Conversion to Case Management/Electronic Case Filing (CM/ECF)*, September 30, 2005, at ¶ 6 ("Participation in the CM/ECF system kept by registration and receipt of a login and password from the Clerk of Court

shall constitute consent to the electronic service of pleadings and other papers pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure."). Both Special Order #109 and Fed. R. Civ. P. 6(d) provide for an additional 3 days when a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(E). Consequently, the second amended complaint was served on Defendant's counsel on July 15, 2013 and, after adding 3 days under Rule 6(d), Defendant Youngblood's responsive pleading was due on or before August 1, 2013, or seventeen (17) days after service of the second amended complaint.

Citing Fed. R. Civ. P. 6(b)(1), Defendant's counsel requests an enlargement of sixty (60) days after original service has been effectuated on the newly added defendants in which to answer or otherwise respond on behalf of Defendant Youngblood. However, Defendant's counsel assertion that this request was made in a timely manner under Rule 6 is incorrect. This motion was filed approximately 2 weeks after the time period for response had expired. Consequently, counsel must demonstrate that the failure to act was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). That showing has not been made here. Accordingly

**IT IS HEREBY ORDERED** that Defendant Johnny Younblood's Motion to Enlargement of Time (#17) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Youngblood shall file his answer or other responsive pleading by **August 20, 2013**.

DATED: August 14, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**