UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREW CONE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOHNNY YOUNGBLOOD, et al.,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01284-JCM-CWH<br><br>ORDER |

　　　　Presently before the court is defendant Johnny Youngblood's and defendant Francisco Sanchez's motion to dismiss pursuant to Rule 41(b). (Doc. # 40). Responses were due by plaintiff by October 11, 2014. Plaintiff has not filed a response or sought an extension from the court.

　　　　Plaintiff Andrew Cone is an individual who was previously in the custody of the Nevada Department of Corrections (NDOC). (*See* doc. # 40). This action arises out of events that allegedly occurred while plaintiff was incarcerated within the NDOC.

　　　　Pursuant to Local Rule 7-2, an opposing party must file points and authorities in response to a motion and failure to file a timely response constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *See* LR IB 7-2(d); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

　　　　Additionally, federal trial courts have the power to dismiss a plaintiff's action with prejudice because of the plaintiff's failure to prosecute. *Link v. Wabash R. Co.,* 370 U.S. 626, 629–32 (1962) (affirming dismissal for failure to prosecute based on attorney's unexcused failure to attend pretrial conference and other delays); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 630–31. Although dismissal is a harsh penalty, it is appropriate when a plaintiff fails to prosecute with "reasonable diligence," even in the absence of a showing of actual prejudice to the defendants due to the failure. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976).

Before dismissing an action for noncompliance with a local rule for failure to prosecute, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Plaintiff filed this case in federal court in July of 2012. Plaintiff's second amended complaint, filed July 15, 2013, names six defendants, including two Doe defendants. (*See* doc. # 16). Only defendant Youngblood and defendant Sanchez have been served. On November 26, 2013, the court issued a notice of intent to dismiss under Federal Rule of Civil Procedure 4(m), advising plaintiff that Brian Williams and Officer Roberson, the only other known defendants, would be dismissed if proof of service was not filed by December 26, 2013. (Doc. # 27). To date, proper proof of service has not been filed.

Prior to March 13, 2014, plaintiff frequently filed papers in this case, had been in frequent written contact with the attorney general's office, and was pursuing discovery in this matter. Since March 13, 2014, plaintiff has not filed a single paper with this court, nor has he been in contact with the attorney general's office.

The public's interest in expeditious resolution of litigation always favors dismissal, *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999), while public policy normally favors disposition of cases on the merits, *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002). The court's need to manage its docket certainly weighs in favor of dismissal here. By dismissing the case, the court will be able to address the concerns of other litigants in other cases who abide by the court's directions and meet their deadlines. Finally, plaintiff has been warned that his action would be dismissed if he did not file with the clerk proof of service on the remaining defendants

by December 26, 2013. Plaintiff did not file proof of service or show good cause for the failure to do so. Because four of the five factors weigh in favor of dismissal, and because plaintiff has failed to prosecute the case with reasonable diligence, this case will be dismissed.

In light of plaintiff's failures to respond and weighing the factors identified in *Ghazali*, the court finds dismissal of plaintiff's second amended complaint (doc. # 16) is warranted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Johnny Youngblood's and defendant Francisco Sanchez's motion to dismiss pursuant to Rule 41(b) (doc. # 40), be GRANTED.

IT IS FURTHER ORDERED that plaintiff Andrew Cone's second amended complaint (doc. # 16), be DISMISSED with prejudice.

DATED THIS 22nd day of October 2014.

                                             _____
                                             JAMES C. MAHAN
                                             UNITED STATES DISTRICT JUDGE